# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RAMON ALVARADO, JR.,

    **Plaintiff,**

 v.                                                  Case No. 23-CV-165

JOHN BIRDYSHAW,
FELSKE, HAWKINS,
CPT. KYLE TRITT and,
DR. MARIETA M. WOJTECKA,

    **Defendants.**

## ORDER SCREENING THE COMPLAINT

On February 8, 2023, plaintiff Ramon Alvarado Jr., who is incarcerated at Waupun Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. (ECF No. 1.) Alvarado also filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) On February 9, 2023, the court issued an order requiring Alvarado to pay an initial partial filing fee of $0.80 before March 13, 2023. (ECF No. 5.) Alvarado did not pay the fee by the deadline, so on March 20, 2023, the court dismissed his case without prejudice. (ECF No. 7.) On April 7, 2023, Alvarado paid the fee and moved to reopen the case. (ECF No. 9.) On May 15, 2023, the court granted his motion, vacated the judgment, and reopened the case. (ECF No. 11.)

This orders resolves his motion to proceed without prepayment of the filing fee and screens his complaint.

The court has jurisdiction to resolve Alvarado's motion and to screen the complaint in light of Alvarado's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

## MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act (PLRA) applies to this case because Alvarado was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On February 8, 2023, Alvarado filed a motion for leave to proceed without prepayment of the filing fee. (ECF No. 2.) On February 9, 2023, the court issued an order requiring Alvarado to pay an initial partial filing fee of $0.80 before March 13, 2023. (ECF No. 5.) Alvarado did not pay the fee by the deadline, so on March 20, 2023, the court dismissed his case without prejudice. (ECF No. 7.) On April 7, 2023, Alvarado paid the fee  The court will grant Alvarado's motion for leave to proceed

without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

## SCREENING THE COMPLAINT

*Federal Screening Standard*

The Prison Litigation Reform Act (PLRA) applies to this case because Alvarado was incarcerated when he filed his amended complaint. The PLRA requires courts to screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference

that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*Alvarado's Allegations*

Alvarado alleges that on January 15, 2020, at 9:00 a.m., while on observation status, he told defendant Dr. Marieta Wojtecka that he was going to cut himself. (ECF No. 1 at 1.) Dr. Wojtecka did not have his cell searched; have him strapped down for safety; or move him to another cell. (*Id.*)

At 1:30 p.m., Alvarado told defendants John Birdyshaw and Kyle Tritt that he was going to cut himself, and they did not "thoroughly search" his cell, strap him down for safety, or move him to a different cell. (*Id.*)

At 11:00 p.m., Alvarado told defendant Sgt. Hawkins that he was going to cut himself and covered his camera in his observation cell. (*Id.*) Hawkins did nothing. Defendant Felske was monitoring the cameras, saw Alvarado cover his camera, and

did nothing. (*Id.* at 1-2.) Immediately thereafter, Alvarado cut himself, causing two large cuts on his arm requiring medical attention. (*Id.*)

*Analysis*

Alvarado claims that the defendants violated his rights when they failed to prevent him from cutting himself. The Eighth Amendment "protects prisoners from prison conditions that cause 'the wanton and unnecessary infliction of pain.'" *Pyles v. Fahim*, 771 F.3d 403, 408 (7th Cir. 2014) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). "A § 1983 claim based upon a violation of the Eighth Amendment has both an objective and subjective element: (1) the harm that befell the prisoner must be objectively, sufficiently serious and a substantial risk to his or her health or safety, and (2) the individual defendants were deliberately indifferent to the substantial risk to the prisoner's health and safety." *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006). In instances of self-harm or suicide, a plaintiff must "allege plausibly that prison staff (1) knew of a significant likelihood that he would imminently attempt suicide and (2) failed to take reasonable steps to prevent his attempt." *Davis-Clair v. Turck*, 714 Fed A'ppx 605, 606 (7th Cir. 2018).

Regarding defendants Dr. Wojtecka, Birdyshaw, and Tritt, Alvarado does not allege that they were aware that he would imminently harm himself. He alleges he told Dr. Wojtecka in the morning and Birdyshaw and Tritt in the early afternoon, and did not actually harm himself until 11:00 p.m. He may not proceed on claims against Dr. Wojtecka, Birdyshaw, and Tritt. They are dismissed.

5

However, he may proceed against Hawkins and Felske. Immediately after he told them he was going to self-harm, he covered his camera. Hawkins and Felske did not intervene.

**THEREFORE, IT IS ORDERED** that Alvarado's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED.**

**IT IS FURTHER ORDERED** that defendant John Birdyshaw, Kyle Tritt, and Dr. Wojtecka are **DISMISSED**.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendants Felske and Hawkins. It is **ORDERED** that, under the informal service agreement, those defendants shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that the agency having custody of Alvarado shall collect from his institution trust account the $349.00 balance of the filing fee by collecting monthly payments from Alvarado's prison trust account in an amount equal to 20% of the preceding month's income credited to his trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Alvarado is transferred to another county, state, or federal institution, the transferring

institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Alvarado is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk of Courts
> 517 E. Wisconsin Avenue, Room 362
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Alvarado is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Alvarado is reminded that it is his responsibility to promptly notify the court if he is released

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

from custody or transferred to a different institution. Alvarado failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Alvarado may find useful in prosecuting his case.

Dated at Milwaukee, Wisconsin this 15th day of June, 2023.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge