UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RAMON ALVARADO, JR.,

        Plaintiff,

v.                                                   Case No. 23-CV-165

JONATHAN HAWKINS, *et. al.*,

        Defendants.

## DECISION AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION GROUNDS

Plaintiff Ramon Alvarado, Jr., who is incarcerated and representing himself, brings this lawsuit under 42 U.S.C. § 1983. (Docket # 1.) Alvarado was allowed to proceed on an Eighth Amendment failure to intervene claim against defendants Johnathan Hawkins and Amy Felski. (Docket # 13.) The defendants moved for summary judgment on the grounds that Alvarado failed to exhaust his administrative remedies as to this claim. (Docket # 22.) For the reasons stated below, the Court grants the defendants' motion for summary judgment on exhaustion grounds and dismisses the case without prejudice.

## FACTS

At all times relevant, Alvarado was incarcerated at the Waupun Correctional Institution. (Docket # 24, ¶ 1.) On January 15, 2020, Alvarado was on observation status. (Docket # 1 at 1.) At various points throughout the day, Alvarado told staff members he was going to cut himself. (*Id.*) Finally, at 11:00 p.m., he told the defendants he was going to cut himself imminently. (*Id.*) The defendants did not respond, and Alvarado cut himself, causing two large cuts on his arm that required medical attention. (*Id.*)

On January 30, 2020, the Institution Complaint Examiner (ICE) received an inmate complaint from Alvarado where he alleged that health services staff ignored him when he told them he was going to cut himself. (Docket # 41-1 at 7.) That same day, the ICE returned the inmate complaint because "[a]n inmate may not file more than one complaint per calendar week except [for] . . . complaints regarding the inmate's health and personal safety." (*Id.* at 8.) The ICE determined the grievance was not a health and safety issue. (*Id.*)

Also on January 30, 2020, the ICE received an inmate complaint from Alvarado complaining that third shift staff ignored his threats of self-harm. (Docket # 41-1 at 9–10.) The next day, January 31, 2020, the ICE returned the inmate complaint because the complaint may only contain one issue. (*Id.* at 11.) The ICE determined that because Alvarado mentioned "various other officers," Alvarado was complaining about more than one issue. (*Id.*) The grievance was also returned because Alvarado filed more than one inmate complaint that week, and the ICE determined that his grievance was not a health and safety issue. (*Id.*) Alvarado was told to correct his mistakes as outlined in Wis. Admin. Code § DOC 310.10(5). (*Id.*)

On February 4, 2020, the ICE received WCI-2020-2135 wherein Alvarado complained that "Dr. W" was deliberately indifferent to threats of self-harm. (Docket # 24, ¶ 2.) The ICE rejected Alvarado's complaint because it was submitted after the 14-day deadline and Alvarado did not provide good cause to explain the late submission. (*Id.*, ¶ 4.) Alvarado requested a review of the rejected inmate complaint, and on March 26, 2020, the Reviewing Authority found that his inmate complaint had been properly rejected. (*Id.*, ¶¶ 5–6.)

Nearly two years later, on March 14, 2022, the ICE received WCI-2022-04317, wherein Alvarado complained that the third shift staff failed to prevent him from cutting

2

Case 2:23-cv-00165-NJ    Filed 07/12/24    Page 2 of 10    Document 68

himself on January 15, 2020. (Docket # 24, ¶ 7; Docket # 25-3 at 8.) He attempted to show good cause for the late filing because his placement in observation status had prevented him from refiling the grievance until that point. (Docket # 24, ¶ 8; Docket # 25-3 at 6.) However, the ICE determined that Alvarado did not demonstrate good cause because Alvarado's complaint history showed that he was able to file other inmate complaints and had weeks where he did not file any inmate complaints; thus, he could have filed the grievance then. (*Id.*) To the extent that Alvarado was prevented from filing this complaint prior to March 2022 because he had other inmate complaints he needed to file, the ICE informed Alvarado that he has to "prioritize his complaints." (Docket # 24, ¶ 9; Docket # 25-3 at 6.) Alvarado requested a review of his rejected complaint, and on March 19, 2022, the Reviewing Authority determined that Alvarado's inmate complaint had been properly rejected. (Docket # 24, ¶¶ 10–11.) Alvarado did not submit any additional complaints addressing the January 15, 2020 incident. (*Id.*, ¶ 12.)

Alvarado also asserts that the grievance process was unavailable to him because there were no grievance forms in the restricted housing unit between April 1, 2020 and May 20, 2020. (Docket # 55-1 at 2.) He states this accounts for the periods in his complaint history where he did not file an inmate complaint. (*Id.*)

## SUMMARY JUDGMENT STANDARD

The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. The mere

3

existence of some factual dispute does not defeat a summary judgment motion. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, the court must view all inferences drawn from the underlying facts in the light most favorable to the nonmovant. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when the nonmovant is the party with the ultimate burden of proof at trial, that party retains its burden of producing evidence which would support a reasonable jury verdict. *Celotex Corp.*, 477 U.S. at 324. Evidence relied upon must be of a type that would be admissible at trial. *See Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009). To survive summary judgment, a party cannot rely on his pleadings and "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. "In short, 'summary judgment is appropriate if, on the record as a whole, a rational trier of fact could not find for the non-moving party.'" *Durkin v. Equifax Check Servs., Inc.*, 406 F.3d 410, 414 (7th Cir. 2005) (citing *Turner v. J.V.D.B. & Assoc., Inc.*, 330 F.3d 991, 994 (7th Cir. 2003)).

## ANALYSIS

1. *Applicable Law and Procedure on Exhaustion*

Because Alvarado was incarcerated at the relevant time, his case is governed by the Prison Litigation Reform Act (PLRA). The PLRA states in part that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a). The exhaustion requirement gives prison officials an opportunity to resolve disputes before being hauled into court, and it produces a "useful administrative record" upon

4

which the district court may rely. *See Jones v. Bock*, 549 U.S. 199, 204 (2007) (citing *Woodford v. Ngo*, 548 U.S. 81, 94-95 (2006)). The exhaustion rule also promotes efficiency, because claims generally are resolved more quickly by an agency than through litigation in federal court. *Woodford*, 548 U.S. at 89. Accordingly, exhaustion must be complete before filing suit. *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (finding that an inmate failed to exhaust his administrative remedies when he filed suit instead of taking his grievance to the appropriate review board).

The Seventh Circuit "has taken a strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). A prisoner is required to "properly use the prison's grievance process prior to filing a case in federal court." *Id.* "To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). An inmate can overcome his failure to exhaust his administrative remedies only when he can demonstrate that the grievance process was unavailable to him. *Ramirez v. Young*, 906 F.3d 530, 538 (7th Cir. 2018).

At Waupun Correctional Institution, "[a]n inmate may use the Inmate Complaint Review System (ICRS) to raise issues regarding policies, rules, living conditions, or employee actions that personally affect the inmate or institution environment." Wis. Admin. Code § DOC 310.06(1). A prisoner must "file a complaint within 14 days after the occurrence giving rise to the complaint." Wis. Admin. Code § DOC 310.07(2). A complaint "may contain only one clearly identified issue." Wis. Admin. Code § DOC 310.07(5).

The Institution Complaint Examiner (ICE) then may accept the complaint and make a recommendation or reject the complaint for one of the ten reasons listed in § DOC 310.10(6) within 30 days from the date of receipt, including inmate complaints filed after the 14-day

5

deadline without good cause. Wis. Admin. Code § DOC 310.10 (2), (9). If the ICE rejects the complaint, an inmate may appeal the rejection within 10 days to the appropriate reviewing authority "who shall only review the basis for the rejection of the complaint." Wis. Admin. Code § DOC 310.10(10). The ICE may also return a defective complaint and allow an inmate to correct the defects and resubmit within 10 days. Wis. Admin. Code § DOC 310.10(5).

When the ICE makes a recommendation, the reviewing authority shall make a decision within 15 days. Wis. Admin. Code § DOC 310.11(1). If an inmate does not receive a decision within 45 days after the date of acknowledgement by the ICE, he may directly appeal to the Corrections Complaint Examiner (CCE). Wis. Admin. Code § DOC 310.11(3). Otherwise, an inmate may appeal a reviewing authority's decision to the CCE within 14 days after the date of the decision. Wis. Admin. Code § DOC 310.12(1). The CCE then "shall recommend that the reviewing authority decision be affirmed or dismissed, in whole or in part, and send its recommendation to the secretary [of the DOC] within 45 days of receipt of the appeal." Wis. Admin. Code § DOC 310.12(9). The secretary shall make a decision within 45 days following the receipt of the CCE's recommendation. Wis. Admin. Code § DOC 310.13(1). "If the inmate does not receive the secretary's written decision within 90 days of the date of receipt of the appeal in the CCE's office, the inmate shall consider the administrative remedies to be exhausted." Wis. Admin. Code § DOC 310.13(4).

2. *Application to this Case*

Alvarado asserts that all three inmate grievances were improperly returned or rejected. However, federal court is not the appropriate venue within which to challenge a procedural decision made by a complaint examiner. Rather, if a prisoner believes the handling of his grievance was deficient, he can seek certiorari review in state court. *Foley v. Paul*, Case No.

21-cv-280, 2022 WL 458381 at *4 (E.D. Wis. Feb. 15, 2022) (citing *Pirtle v. Cooper,* Case No. 15-cv-685, 2015 WL 4773166 at *3 (E.D. Wis. Aug 12, 2015)).

Alvarado also argues that the grievance process was unavailable to him. The Supreme Court has articulated "three kinds of circumstances in which an administrative remedy, although officially on the books, is not capable of use to obtain relief." *Ross v. Blake*, 578 U.S. 632, 643 (2016). The first is when the administrative procedure "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Id.* Second, "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use." *Id.* And third, "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 644. These three circumstances, however, are "only examples, not a closed list." *Ramirez*, 906 F.3d at 538.

Alvarado argues he was prevented from using the grievance process in several ways. First, he argues that the rule limiting inmates to filing one grievance per calendar week rendered the process unavailable to him. But this rule, in and of itself, did not prevent him from obtaining relief. The day Alvarado submitted his complaint regarding the January 15, 2020 incident—January 29, 2020—he had already submitted a complaint for that calendar week, which would have been the week of January 26, 2020 through February 1, 2020. (Docket # 41-1 at 7–8); Wis. Admin. Code § DOC 310.03(1) (defining calendar week as Sunday through Saturday). But Alvarado could have filed his complaint either the same week the incident occurred (the calendar week beginning January 12), or the following week (the calendar week beginning January 19). Accordingly, Alvarado does not show that simply because he could not file a complaint the week of January 26, 2020, that he was prevented

7

from timely filing his complaint at all.

Alvarado also argues that for a brief period in the spring of 2020, grievance forms were unavailable to him. But this still only explains a six-week period wherein he could not file his grievance. Furthermore, even if Alvarado could have filed his grievance during that period, he still would not have been able to show good cause for the late filing, as his explanation was later rejected when he did finally file.

Because the Court cannot consider whether the ICE and Reviewing Authority erred in rejecting or returning Alvarado's grievances or whether they failed in finding good cause, and because Alvarado did not demonstrate the process was unavailable, the Court must accept the fact that the only relevant inmate complaints were rejected or returned. "[A] complaint that is rejected for procedural reasons, rather than dismissed after a determination on the merits, does not exhaust a prisoner's administrative remedies." *Durley v. Kacyon,* Case No. 21-CV-154-PP, 2022 WL 16530885 at *5 (E.D. Wis. Oct. 29, 2022) (citing *Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005)). As such, Alvarado did not exhaust his administrative remedies. Summary judgment is granted in the defendants' favor.

## CONCLUSION

For the reasons stated above, Alvarado failed to demonstrate that he exhausted his administrative remedies. Therefore, his case is dismissed without prejudice. *See Chambers v. Sood*, 959 F.3d 979, 984 (7th Cir. 2020).

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendants' motion for summary judgment (Docket # 22) is **GRANTED**.

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice**. The Clerk of Court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated at Milwaukee, Wisconsin this 12th day of July, 2024.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge